PHILLIP C. DONNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22524. Promulgated May 28, 1929.

*Frederick L. Pearce, Esq.*, and *Edward R. Burt, C. P. A.*, for the petitioner.

*Bruce A. Low, Esq.*, for the respondent.

**OPINION.**

GREEN: In 1894 the petitioner and his cousin, Ernest Donner, formed a partnership for the manufacture and sale of hatters' fur. This partnership existed until March 15, 1920, when the two individuals conveyed all the assets to a corporation with the same name, and became the sole stockholders in the corporation. The corporation continued in business until December 31, 1921, when it was liquidated and the stockholders re-formed a partnership. The business of the corporation and the partnership was, at all times, the same. During the year 1921, the corporation sustained a net loss in the amount of $26,948.86, which the petitioner is seeking to have deducted from the partnership income for the subsequent year.

The pertinent net loss provisions of the Revenue Act of 1921 are as follows:

SEC. 204. (a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * *.

(b) If for any taxable year beginning after December 31, 1920, it appears from the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * * *

(c) The benefit of this section shall be allowed to the members of a partnership * * *.

The loss which the petitioner is here seeking to have deducted in computing the net income of the partnership for the year 1922, is a net loss sustained by a corporation, the assets of which were transferred in liquidation to its stockholders, who thereupon contributed such assets to a partnership composed of the individuals who had previously held the stock of the corporation. Section 2(9) reads as follows:

The term "taxpayer" includes any person, trust or estate subject to a tax imposed by this Act.

In subparagraph (1) of the same section appears the following definition:

The term "person" includes partnerships and corporations, as well as individuals.

It thus appears that by statute the corporation is a separate taxable entity, and it is a matter of common knowledge that the scheme adopted by Congress in levying income and excess-profits taxes contemplates its taxation as such. The corporation, although its stock was owned by the individuals who formed the partnership which took over the business, was a separate and distinct taxable entity. It, and not its stockholders, was the taxpayer. Here, as in *Harry J. Gutman*, 7 B. T. A. 500, "We are asked in this proceeding to disregard the corporate entity and hold that the petitioner was in fact a part owner of the business and that the business carried on by the corporation was his business to the extent of his stockholdings." In that case, we declined to allow a stockholder to reduce his income by his share of the net loss of the corporation, and our ruling here must be the same.

*Judgment will be entered for the respondent.*

*Frederick L. Pearce, Esq.*, and *Edward R. Burt, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.